ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| MIRELSA ROSADO<br><br>Recurrida<br><br><br><br>V.<br><br>MUNICIPIO DE MANATÍ Y OTROS<br><br>Peticionarios | TA2026CE00488 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: MT2025CV00329<br><br>Sobre:<br><br>Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de mayo de 2026.

El Municipio de Manatí y el Alcalde de Manatí (en adelante, parte peticionaria) mediante recurso de *certiorari* presentado el 21 de abril de 2026, nos solicita que dejemos sin efecto la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala de Arecibo (TPI o foro primario) el 11 de marzo de 2026. Mediante el referido dictamen, el foro primario declaró "No Ha Lugar" la *Moción de Sentencia Sumaria* presentada por la parte peticionaria.

## I.

El 6 de mayo de 2025, la señora Mirelsa Rosado (en adelante, recurrida) presentó una *Demanda* en contra del Municipio de Manatí, su Alcalde y Antonio Vega Vargas, en la cual solicitó remedios interdictales por alegadas molestias provocadas

por la colindancia de un parque público municipal, propiedad del Municipio de Manatí.[1] En esencia, la recurrida sostuvo que en dicho lugar se realizan actividades que representan una amenaza a su tranquilidad. Además, alegó que los vecinos del pueblo amarran equinos en los predios del parque, incluyendo la verja de su casa, con la autorización y conocimiento del administrador del parque del Municipio de Manatí.

Asimismo, alegó que el parque tiene un estacionamiento pequeño, razón por la cual, varias personas se estacionan en los predios de la casa donde habita la recurrida, ocasionándole alteraciones a la paz y tranquilidad de su propiedad y que la agreden verbalmente cuando reclama acceso a su propiedad. Además, la recurrida adujo que, constantemente hay levantamiento de polvo y ruidos excesivos que le afectan la salud, agravando su condición de asma, requiriendo tratamiento y visitas a médicos constantes.

En respuesta, Antonio Vega Vargas, administrador de la propiedad ubicada en el Barrio Cantito de Manatí, presentó su *Contestación a la Demanda.*[2] Asimismo, el Municipio de Manatí y el Alcalde presentaron *Moción de Desestimación* en donde plantearon que la reclamación no justifica la concesión de un interdicto en Puerto Rico.[3]

Luego de varios trámites procesales, el 17 de julio de 2025 se celebró vista de injunction preliminar.[4] En dicha vista, el representante legal de la peticionaria solicitó al Tribunal la conversión del proceso en uno ordinario, a lo cual no se opuso la parte recurrida.

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).
[2] Entrada #15 de SUMAC TPI.
[3] Entrada #17 de SUMAC TPI.
[4] Entrada #23 de SUMAC TPI.

Posteriormente, el 7 de agosto de 2025, el Municipio de Manatí y el Alcalde presentaron un *Requerimiento de Admisiones* dirigido a la señora Rosado, al amparo de la Regla 33 de Procedimiento Civil, el cual no fue contestado ni objetado dentro del término correspondiente, por lo que todos los hechos contenidos en el mismo se dieron por admitidos.[5] El 29 de agosto de 2025, la parte peticionaria presentó una *Moción de Sentencia Sumaria*, fundamentada en la inexistencia de controversia real y sustancial de hechos materiales, apoyándose, entre otros elementos, en las admisiones derivadas del incumplimiento con el Requerimiento de Admisiones.[6]

Luego de varios trámites adicionales, el 5 de noviembre de 2025, la recurrida presentó su *Oposición a Moción de Sentencia Sumaria*, en la cual alegó la existencia de controversias de hecho relacionadas principalmente con la alegada omisión del Municipio de Manatí en atender las situaciones denunciadas en el parque.[7] En respuesta, el 6 de noviembre de 2025, la parte peticionaria presentó su *Réplica a la Oposición*, en la cual reiteró la inexistencia de controversias de hechos esenciales.[8] Más adelante, aun con la *Moción de Sentencia Sumaria* pendiente de adjudicación, el 2 de diciembre de 2025, el TPI en una vista de *status conference* emitió una orden requiriendo al Municipio de Manatí informar si se había realizado una evaluación técnica sobre las alegaciones del caso.

El 19 de enero de 2026, la parte peticionaria presentó *Moción en Cumplimiento de Orden*, acompañada de las Certificaciones Oficiales sobre mejoras y medidas de mitigación implementadas en el parque objeto de esta controversia.[9]

---

[5] Entrada #31 de SUMAC TPI.
[6] Entrada #33 de SUMAC TPI.
[7] Entrada #50 de SUMMAC TPI.
[8] Entrada #51 de SUMMAC TPI.
[9] Entrada #60 de SUMMAC TPI.

Conviene señalar que, el foro primario emitió una *Sentencia Parcial* en la que declaró "Con Lugar" la moción de desistimiento presentada por la recurrida a favor de Antonio Vega Vargas.[10] El 4 de febrero de 2026, la parte peticionaria presentó una *Moción Reafirmando Oposición a Sentencia Sumaria*, en la alegada persistencia de los daños y solicitando la celebración de una vista evidenciaría.[11]

El 11 de marzo de 2026, el TPI emitió *Resolución* en la cual declaró "No Ha Lugar" la *Moción de Sentencia Sumaria*. [12] Allí, concluyó que existían controversias de hecho que ameritaban adjudicación, a pesar de haber reconocido que el Requerimiento de Admisiones no fue contestado y que, como consecuencia, sus hechos se tenían por admitidos. En particular, el TPI dio por admitido los siguientes hechos como no controvertidos:

1. La parte demandante, Mirelsa Rosado, mayor edad, soltera, empleada, con dirección física y postal de la demandante es: Parcela La Luisa Calle 3 Bo. Cantito Buzón 20 Manatí Puerto Rico 00674/ Tel. 787-549-6382.

2. La orden emitida al amparo de la Ley 140, anejo de la demanda, permitía la preparación del parque siempre y cuando el mattress estuviese "enchumbado".

3. La orden emitida al amparo de la Ley 140, anejo de la demanda, no iba dirigida contra el Municipio de Manatí ni su Alcalde.

4. El Sr. Antonio Vega Vargas no es empleado del Municipio de Manatí.

5. El Sr. Antonio Vega Vargas no actúa por delegación o autorización expresa del Municipio de Manatí.

6. Los eventos descritos en la demanda han sido realizados por terceros identificados como "vecinos" o "personas ajenas".

7. El parque en controversia es un área pública abierta al libre acceso de la ciudadanía.

8. El Municipio de Manatí, es dueño de la propiedad ubicada en el Barrio Cantito de Manatí, Puerto Rico 00674, que es un parque de pelota, en adelante "el parque".

---

[10] Entrada #58 de SUMMAC TPI.
[11] Entrada #63 de SUMMAC TPI.
[12] Entrada #65 de SUMAC TPI.

9. Cuando la demandante se mudó a su actual residencia el parque ya estaba en uso.

10. La demandante no puede identificar fecha exacta, hora, ni evento específico en que el Municipio o su Alcalde hayan incumplido un deber ministerial.

11. Los supuestos actos que provocan la alegada "alteración de la paz" fueron realizados por personas no demandadas en este caso.

12. La parte demandante no ha solicitado el auxilio del tribunal para ejecutar la orden al amparo de la Ley 140, anejada a la demanda.

13. La demandante no ha solicitado orden de desahucio, interdicto civil o amparo judicial contra los terceros responsables de los actos que describe.

14. La parte demandante sabe que el parque es propiedad pública.

15. El Municipio de Manatí no ha emitido permiso alguno a persona natural para realizar actividades ecuestres en el parque en cuestión.

16. Ningún funcionario municipal ha organizado evento alguno en el parque que incluya caballos.

17. Ningún funcionario municipal ha organizado evento alguno en el parque que incluya caballos. (Sic)

18. [N]inguna alegación de la demanda identifica a un funcionario específico del Municipio responsable por los actos que se le atribuyen genéricamente.

19. Ninguna orden judicial previa ha ordenado al Municipio de Manatí tomar acción específica sobre el parque que colinda con la residencia de la demandante.

20. La demanda presentada no contiene alegación alguna sobre daños a la propiedad mueble o inmueble de la demandante atribuibles directamente al Municipio.

21. La demandante solamente ha hablado con el Alcalde una (1) vez con relación a los hechos alegados en la demanda.

22. La demandante solamente habló con el Alcalde cuando estaba en trámite legal el caso al amparo de la Ley 140, cuya orden se aneja a la demanda.

23. Luego del caso radicado al amparo de la Ley 140, cuya orden se aneja a la demanda, la demandante no ha vuelto a hablar con el Alcalde.

24. La demandante no ha visitado el Municipio más de 3 veces con relación a los hechos alegados en la demanda.

25. Ninguno de los actos alegados en la demanda son causados por el Municipio.

26. Ninguno de los actos alegados en la demanda son causados por el Alcalde.[13]

---

[13] Íd.

Ahora bien, el foro primario determinó que los siguientes hechos están en controversia:

1. ¿Sufre la demandante de daños a su persona o su propiedad motivados por el uso o mantenimiento inapropiado de una facilidad municipal del demandado?

2. De sufrir esos daños la demandante, ¿pueden prevenirse esos daños mediante el cumplimiento de un deber del Municipio de Manatí?

3. De ser en la afirmativa la anterior respuesta, ¿cumple el Municipio de Manatí el deber antes mencionado?

4. ¿Sufre la demandante daños a su persona o su propiedad durante actividades autorizadas por el Municipio de Manatí en una facilidad propiedad de éste?

5. De sufrir esos daños ¿ejerce el Municipio de Manatí el cuidado adecuado de prevención de esos daños?

6. De haber sufrido daños, tuvo la oportunidad el demandante de mitigar los mismos.[14]

Ante dicha determinación, el 24 de marzo de 2026, la parte peticionaria presentó *Moción de Reconsideración y Solicitud de Determinaciones Adicionales de Hecho*, en donde impugnó la resolución por entender que el TPI erró en la aplicación del derecho al ignorar el efecto vinculante de las admisiones y la ausencia de controversia materiales de hechos.[15] El TPI declaró dicha moción "No Ha Lugar" y reafirmó la denegatoria de Sentencia Sumaria.[16]

Inconforme con el proceder del foro primario, el 21 de abril de 2026, la parte peticionaria acudió ante este Tribunal mediante recurso de *Certiorari* y señala los siguientes errores:

Erró el TPI al denegar la Moción de Sentencia Sumaria presentada por el Municipio de Manatí y su Alcalde al amparo de la Regla 36 de Procedimiento Civil, aun cuando no existía controversia real sobre hechos materiales, particularmente ante el efecto del Requerimiento de Admisiones admitido en su totalidad y que los alegados causantes de los daños son terceros ajenos a los demandados.

---

[14] Íd.
[15] Entrada #66 de SUMAC TPI.
[16] Entrada #69 de SUMAC TPI.

Erró el TPI al considerar como hechos en controversia asuntos que constituyen determinaciones de derecho o de aplicación del derecho a los hechos no controvertidos: asuntos propios de adjudicación por el TPI en una Moción de Sentencia Sumaria.

Erró el TPI al permitir la relitigación de asuntos previamente adjudicados, en violación a las doctrinas de ley del caso e impedimento colateral, particularmente en cuanto a las determinaciones realizadas bajo el procedimiento de la Ley 140.

Erró el TPI al no dictar Sentencia Sumaria al amparo de la Regla 36 de Procedimiento Civil basado en que no podía dar por admitidos los hechos requeridos al amparo de la Regla 33 de Procedimiento Civil por tratarse de asuntos de derecho, cuando al TPI le corresponde, precisamente adjudicar los asuntos de derecho.

Erró el TPI al no dar por admitidos los hechos requeridos al amparo de la Regla 33 de Procedimiento Civil por entender que se trata de asuntos de derecho, cuando utilizó los mismos como hechos para fines de impedir que se dictara sentencia sumaria.

Erró el TPI al no dictar Sentencia Sumaria al amparo de la Regla 36, cuando, basado en la ley del caso, es imposible que las partes aporten evidencia alguna sobre los "hechos" que determinó crean la controversia que impide dicha adjudicación sumaria, en un juicio en su fondo.

## II.

## A.

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023); Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 846-847 (2023); Caribbean Orthopedics v. Medshape et al., 207 DPR 994, 1004 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174-175 (2020); IG Builders *et al*. v. BBVAPR, 185 DPR 307, 337-338 (2012). Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. Torres

González v. Zaragoza Meléndez, *supra,* pág. 847; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016).

En lo que nos atañe, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, nos faculta por excepción, a revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Ahora bien, con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso de *certiorari*, nuestros oficios se encuentran enmarcados en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), 4 LPRA Ap. XXII-B. La referida regla señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). Esta dispone lo siguiente:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es norma reiterada que los jueces de instancia tienen gran flexibilidad y discreción para lidiar con el manejo diario y tramitación de los asuntos judiciales. BPPR v. SLG Gómez-López, *supra*, págs. 333-334. La deferencia al juicio y a la discreción del foro primario está fundamentada en el principio de que los foros apelativos no pueden pretender conducir ni manejar el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera Instancia. Como es harto sabido, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar y así llegar eventualmente a una disposición final. BPPR v. SLG Gómez-López, *supra*, pág. 334, citando a Mejías et al. v. Carrasquillo et al., 185 DPR 288, 306-307 (2012).

Así pues, como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. BPPR v. SLG Gómez-López, *supra*, pág. 334. El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. BPPR v. SLG Gómez-López, *supra*, pág. 335; SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 434-435 (2013); Rivera y otros v. Banco Popular, 152 DPR 140, 155 (2000).

Ahora bien, la discreción cede en las circunstancias en las que se configura un craso abuso de esta o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación

o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. BPPR v. SLG Gómez-López, *supra*; Rivera et al. v. Arcos Dorados et al., *supra*. Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959).

**B.**

La sentencia sumaria es el mecanismo procesal adecuado para resolver casos en los que no es necesaria la celebración de un juicio por no existir duda sobre los hechos esenciales, contarse con toda la evidencia necesaria y solo restar la aplicación del derecho. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); Batista v. Sucn. Batista et al., 2025 TSPR 93, 216 DPR __ (2025); Consejo Tit. v. Rocca Dev. Corp., et als., 2025 TSPR 6, 215 DPR __ (2025); BPPR v. Zorrilla y otro, 214 DPR 329, 338 (2024); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 555-556 (2011).

La Regla 36 de Procedimiento Civil, *supra*, regula de manera específica los requisitos de forma que debe cumplir la parte promovente de la moción de sentencia sumaria, así como la parte que se opone a esta. Regla 36.3(a) y (b) de Procedimiento Civil, 32 LPRA Ap. V. La omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. Mun. de Añasco v. ASES et al., 188 DPR 307, 327 (2013); Córdova

Dexter v. Sucn. Ferraiuoli, *supra,* pág. 556; González Aristud v. Hosp. Pavía, 168 DPR 127, 138 (2006).

Solo procede dictar sentencia sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable, y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. Negrón Castro et al. v. SLG et al., 2025 TSPR 96, 216 DPR ___ (2025).

De no haber hechos materiales en controversia, el tribunal dictará sentencia sumaria siempre que proceda en derecho. Aponte Valentín et al. v. Pfizer Pharm., 208 DPR 263, 278 (2021); Rivera Matos et al. v. Triple-S et al., 204 DPR 1010, 1024 (2020). Así pues, al atender la solicitud de sentencia sumaria y su oposición, los tribunales deberán: (1) analizar todos los documentos incluidos en las mociones y aquellos que obren en el expediente del tribunal, y (2) determinar si la parte opositora controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. Torres Pagán et al. v. Mun. de Ponce, 191 DPR 583, 598 (2014).  La sentencia sumaria sólo debe dictarse en casos claros, y cualquier duda debe resolverse en contra de la parte que solicita la sentencia. Zambrana García v. ELA et al., 204 DPR 328, 341 (2020); Rivera et al. v. Superior Pkg., Inc. et al., 132 DPR 115, 133 (1992). (Citas suprimidas).

En cuanto al alcance de la revisión judicial, los tribunales apelativos nos encontramos en la misma posición que el foro primario al evaluar la procedencia de una sentencia sumaria. Negrón Castro et al. v. SLG et al., *supra*; Batista v. Sucn. Batista et al., *supra*; Consejo Tit. v. Rocca Dev. Corp., et als., *supra*.

### III.

En este recurso solo se reclama si se debió o no dictar la Sentencia Sumaria que denegó el TPI, mediante la Resolución que aquí evaluamos. Los peticionarios no tienen razón. El TPI actuó conforme su interpretación de los documentos ante su consideración al evaluar la solicitud de sentencia sumaria que atendió. No se cometieron los errores que plantean los peticionarios.

De la Resolución recurrida, el TPI determinó que existían múltiples controversias que impedían resolver este caso por el mecanismo de sentencia sumaria.

No procede la expedición del auto de certiorari solicitado.

En el caso de autos no se satisfacen los parámetros enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones para intervenir con la determinación del foro primario. Concluimos que, en esta etapa procesal, la intervención del Tribunal resulta improcedente.

### IV.

Por los fundamentos expuestos, se deniega el auto de certiorari aquí reclamado y se devuelve este caso al TPI para que continúen los procedimientos, como corresponde.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Grana Martínez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones